IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VICTOR ANTONIO GLOVER, #122400, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-704-WKW |
| | ) [WO] |
| | ) |
| BETTY TEAGUE, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On August 9, 2006, Victor Antonio Glover ["Glover"], a state inmate and frequent litigant in this court, filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *See Court Doc. No. 2*. However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The records of this court establish that Glover, while incarcerated or detained, has on

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

at least four occasions had civil actions dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  The cases on which this court relies in finding a violation of § 1915(g) are:  (1) *Glover v. Alabama Dept. of Corrections, et al.*, Case No. 2:01-CV-1048-WHA (M.D. Ala. 2002); (2) *Glover v. Blackledge, et al.*, Case No. 2:96-CV-1081-ID (M.D. Ala. 1996); (3) *Glover v. DeLoach, et al.*, Case No. 2:95-CV-1293-WHA (M.D. Ala. 1995); and (4) *Glover v. Dennis, et al.*, Case No. 2:95-CV-1125-ID (M.D. Ala. 1996).

In the instant civil action, Glover asserts that in 1982 correctional officials "stripped [him] of (22) years and (10) months [of] good time without a proper due process hearing, and . . . removed [him] from earning further deductions of [incentive] good time off his sentences." *Plaintiff's Complaint* at 2.  Glover further complains that defendants Teague and Whaley "refused to correct this mistake" for eighteen years during which he did not earn good time. *Id*. at 3.  The allegations contained in the complaint fail to demonstrate that Glover was "under imminent danger of serious physical injury" at the time he filed this cause of action as is required to meet the "imminent danger" exception to the application of 28 U.S.C. § 1915(g).  *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).  Based on the foregoing, the court concludes that Glover's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Glover failed to pay the requisite $350 filing fee upon the initiation of this cause of action.  *Dupree v. Palmer*, 284

F.3d 1234, 1236 (11 Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").


F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Victor Antonio Glover on August 9, 2006 (Court Doc. No. 2) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Glover's failure to pay the full filing fee upon initiation of this case.

It is further

ORDERED that on or before September 27, 2006 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of September, 2006.

      /s/Charles S. Coody  
CHARLES S. COODY  
CHIEF UNITED STATES MAGISTRATE JUDGE